UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRYAN ANTHONY REO ) | |
| ) | **Case No. 15-02517** |
| Plaintiff, ) | |
| ) | **(Lake County Court of Common** |
| vs. ) | **Pleas No. 15CV001850)** |
| ) | |
| NATIONAL AUTO DIVISION, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW National Auto Division, LLC ("Defendant"), by and through counsel, and answers Plaintiff's Complaint as follows:

### I. INTRODUCTION

1. Defendant denies it has violated any applicable statute and therefore denies the allegations set forth in paragraph one of Plaintiff's Complaint.

### II. PARTIES

2. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the allegations and therefore denies the allegations set forth in paragraph two of Plaintiff's Complaint.

3. Defendant admits it is a limited liability company with a principle place of business in the state of New Jersey and maintains a website at www.nationalautodivision.com, but denies the remaining allegations set forth in paragraph three of Plaintiff's Complaint.

### III. JURISDICTION AND VENUE

1

4. Defendant denies the allegations set forth in paragraph four of Plaintiff's Complaint.

5. Defendant denies the allegations set forth in paragraph five of Plaintiff's Complaint.

6. Defendant denies the allegations set forth in paragraph six of Plaintiff's Complaint.

## IV. **STATEMENT OF FACTS**

7. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the allegations and therefore denies the allegations set forth in paragraph seven of Plaintiff's Complaint.

8. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the allegations and therefore denies the allegations set forth in paragraph eight of Plaintiff's Complaint.

9. Defendant denies the allegations set forth in paragraph nine of Plaintiff's Complaint.

10. Defendant denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the allegations and therefore denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

## V.    CAUSES OF ACTION

### COUNT I – STATUTORY VIOLATIONS OF THE TCPA

26. Defendant incorporates all previous responses contained in paragraphs 1 through 25.

27. The language of the TCPA speaks for itself and this paragraph therefore requires neither an admission nor denial from Defendant.

28. Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. The language of the TCPA speaks for itself and this paragraph therefore requires neither an admission nor denial from Defendant.

30. Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

**COUNT II – STATUTORY VIOLATIONS OF THE OCSPA**

36. Defendant incorporates all previous responses contained in paragraphs 1 through 35.

37. The allegations contained in paragraph 37 of Plaintiff's Complaint call for a legal conclusion and therefore requires neither an admission nor denial from Defendant.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint call for a legal conclusion and therefore requires neither an admission nor denial from Defendant.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint call for a legal conclusion and therefore requires neither an admission nor denial from Defendant.

40. Defendant denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of Plaintiff's Complaint.

## COUNT III – COMMON LAW NEGLIGENCE PER SE

45. Defendant incorporates all previous responses contained in paragraphs 1 through 44.

46. Defendant denies the allegation set forth in paragraph 46 of Plaintiff's Complaint that it harassed Plaintiff or contacted him in any way in violation of the TCPA or any other applicable statute.

47. Defendant denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

## COUNT IV – OHIO TELEPHONE SOLICITATION SALES ACT

50. Defendant incorporates all previous responses contained in paragraphs 1 through 49.

51. Defendant denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

**VI. AFFIRMATIVE DEFENSES**

Defendant raises and asserts the following affirmative defenses:

1. Defendant denies that it made any calls to Plaintiff, but to the extent Plaintiff claims to have received calls, the calls did not include unfair or deceptive consumer sales practices as defined in Ohio Rev. Code Ann. § 1345.02.

2. Defendant denies that it made any calls to Plaintiff, but to the extent Plaintiff claims to have received calls, Defendant did not negligently make the calls.

3. Defendant denies that it made any calls to Plaintiff, but to the extent Plaintiff claims to have received calls, the calls did not violate the written confirmation or cancellation requirements in Ohio Rev. Code Ann. § 4719.07.

4. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

5. Plaintiff's claim is barred because Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, 47 U.S.C. §§ 227 *et seq.*, its accompanying regulations, 47 C.F.R. §§ 64.1200 *et seq.*

6. Plaintiff's claims are barred by the doctrine of laches.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Plaintiff's claims are barred by the doctrine of waiver.

9. Plaintiff's claims are barred by the doctrine of estoppel.

10. Plaintiff lacks standing to maintain the instant causes of action.

11. Plaintiff has no private right of action to seek all or some of the relief sought in the Complaint.

12. Defendant denies that Plaintiff suffered any injury to business or property, but to the extent Plaintiff claims to have suffered damage, Plaintiff failed to mitigate his damages, if any.

13. Plaintiff's damages, if any, were caused by the acts or omissions of others over whom Defendant had no control.

14. Plaintiff has suffered no actual injury, and thus recovery of statutory damages violates Defendant's Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution and its Due Process Rights under the Ohio Constitution.

15. Plaintiff has suffered no actual injury and thus does not have standing to bring this cause of action under the United States Constitution.

16. Defendant fully and properly performed any and all obligations owed Plaintiff.

17. Defendant asserts an affirmative defense that relies upon such defenses as may become legally available hereunder or become apparent during discovery, including without limitation those defenses specific to the statutory law and common law of the United States of America which were available at the time the action was commenced or became available during the pendency of this proceeding and thereby reserves the right to amend its answer to assert any such defenses.

WHEREFORE having fully answered Plaintiff's Complaint, Defendant prays that the Court dismiss Plaintiff's Complaint with prejudice, and award Defendant any other relief the Court deems equitable and just.

Dated: December 11, 2015

    Respectfully Submitted,

    __/s/_David Kopech_____
    David A. Kopech
    3725 Corporate Dr.
    Columbus, OH 43231
    614-306-8345
    david@k-olaw.com
    **ATTORNEY FOR DEFENDANT NAD**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on the following parties via the Court's CM/ECF electronic filing system, or if the party does not participate in Notice of Electronic Filing, by electronic mail, on this 11th day of December 2015, to:

Brett A. Klimkowsky (#90183)
Klimkowsky Law, LLC
P.O. Box 114
Martin, OH 43445
419-360-1738
855-589-8543 fax
brett1066@gmail.com

                                         __/s/_David Kopech_____
                                         David A. Kopech
                                         3725 Corporate Dr.
                                         Columbus, OH 43231
                                         614-306-8345
                                         david@k-olaw.com